PECK & HILLS FURNITURE CO. *v.* GREER.

(Division B. Feb. 27, 1933.)

[146 So. 311. No. 30492.]

(In Banc. May 29, 1933.)

[148 So. 387. No. 30492.]

For former opinion, see 146 So. 311.

**R. W. Boydstun,** of Louisville, for appellant.

**Rodgers & Prisock,** of Louisville, for appellee.

**Anderson, J.,** delivered the opinion of the court.

On the trial of this cause appellant, as set out in its

motion, dictated into the record a demurrer to appellee's special plea in bar, instead of writing out and signing the demurrer and filing it in the cause. The demurrer was overruled. Appellant declined to plead further, and a judgment was entered in appellee's favor. From that judgment appellant prosecutes this appeal. The cause therefore went to final judgment on the pleadings alone, so far as the record reveals. The demurrer to the special plea is not in the record. The final judgment recites that the special plea was demurred to; that is all there is in the record to show that there was a demurrer to the special plea.

Appellant, however, sets up in its motion that there was a demurrer dictated into the record to the court reporter. Section 724 of the Code of 1930 provides, among other things, that it shall be the duty of the court reporter "to make of the record every part of the proceedings arising and done during the trial, from the opening until the conclusion thereof, including motions so arising to amend the pleadings, except amendments to indictments, and the ruling of the court thereon and all other motions and steps that may occur in the trial, in addition to the oral testimony." Conceding, but not deciding, that this method of pleading was authorized by the statute, still, when resorted to, the plea becomes a part of the court reporter's record of the trial to the same extent as his record of other matters occurring during the trial, required by the statute to be made part of the record, and the only way to get such a pleading before this court is to bring up the court reporter's record in the manner provided by section 725 of the Code of 1930. That section provides, among other things, that in all cases in which the trial is taken down by the official court reporter, any party desiring to appeal shall notify the court reporter in writing within ten days after the adjournment of the court of the fact that a copy of the notes is desired. This method was not complied with by appellant. Appellant failed to give the court

reporter the ten days' notice provided for by the statute. Therefore, there is no way now for appellant to get the demurrer before this court.

Motion overruled.

## On Motion to Retax Costs.

**Griffith, J.,** delivered the opinion of the court.

The appeal in this case, together with the costs, having been adjudged against appellant, it has filed a motion to retax the costs; and by its affidavit in support of the motion, it avers that there are only seven thousand one hundred words in the record as transcribed by the circuit clerk, whereas the clerk has certified and claimed that the number of words so transcribed is eighteen thousand nine hundred. In response to the motion, the clerk filed an affidavit in which he reaffirmed that the count of eighteen thousand nine hundred words is true and correct, to the best of his knowledge and belief.

This has presented a question of fact which has arisen out of an appeal before this court, section 3376, Code 1930, and to dispose of the issue we have ourselves made a count of the words, and find the number to be six thousand eight hundred six, or about three hundred less than that of appellant's count. The motion is therefore sustained, and the costs retaxed upon the basis of seven thousand one hundred words, as claimed by appellant.

This matter of excessive claims for costs in the number of words in the transcript has often been observed by every member of this court, and it has existed not only in many cases in respect to the clerk's transcript, but also in the claims for the number of words in the stenographer's part of the transcript. Manifestly it would be a practical impossibility that the members of this court should undertake to make a count of the words in all the hundreds of records that come here for consideration, and since the legislature has not specifically made it the

duty of the clerk of the supreme court to make these counts, and has made no appropriation to him to cover such a heavy task, we have decided to furnish some better means to remedy the abuse mentioned by the adoption of a new or additional rule, as follows:

Ordered that the following rule, to be numbered 21A, be and the same is hereby adopted: "When complaint is made in a motion to retax the costs incurred in this court, that the fee allowed, based on the number of words in an instrument, or transcript thereof, or the transcript of the record as an entirety, is incorrect, the motion shall be accompanied by a written statement of the true number of words, with a certificate of its correctness by a competent disinterested person; without which no such complaint will be considered."

Motion sustained.